IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CORNELIA HORTON,  )  <br> ) <br> Plaintiff,  ) <br> ) <br> v.  ) <br> ) <br> FAMILY DOLLAR STORES OF  ) <br> GEORGIA, LLC, et al.,  ) <br> ) <br> ) <br> Defendants.  ) <br> ) | CIVIL ACTION NO. 5:22-cv-46 (MTT) |

# ORDER

In this diversity case, plaintiff Cornelia Horton alleges she slipped and fell in a parking lot owned and operated by defendant Family Dollar Stores of Georgia, LLC due to Family Dollar's negligence.  Doc. 1-2.  Family Dollar now moves for summary judgment.  Doc. 9.  For the following reasons, that motion (Doc. 9) is **DENIED**.

## I. BACKGROUND[1]

On January 11, 2020, Horton drove to Family Dollar's Shurling Drive store in Macon, Georgia.  Docs. 9-2 ¶ 1; 14-2 ¶ 1.  When she arrived, Horton parked her car "in the first parking spot by the curb that was closest to the entrance of the Family Dollar Store."  Docs. 9-2 ¶ 4; 14-2 ¶ 2.  Horton then opened her car door, exited, closed her car door, and walked towards the curb. Docs. 9-2 ¶ 6; 14-2 ¶ 5.  She then fell onto the cement.  Docs. 9-2 ¶¶ 7-9; 14-2 ¶ 6.  A pile of mulch was located on the curb in front of

---

[1] These facts are drawn from the parties' statements of material facts; neither party responded to the other's statement of material facts.  *See* M.D. Ga. L.R. 56.  Unless otherwise stated, these facts are undisputed and are viewed in the light most favorable to the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

the driver's side of Horton's car. Docs. 9-2 ¶¶ 5, 7; 14-2 ¶ 3. Some of that mulch had fallen onto the parking lot near Horton's car. Docs. 9-2 ¶ 7; 14-2 ¶ 4.

Horton filed suit against Family Dollar in the State Court of Bibb County alleging that she fell because of Family Dollar's negligence in handling the pile of mulch. Doc. 1-2. Specifically, Horton asserted that Family Dollar "was negligent … by failing to provide sufficient warning of the [mulch], by failing to inspect and discover the presence of the [mulch], by failing to remedy and/or remove the [mulch], and by failing to use ordinary care in preventing hazardous conditions that could result in a slip and/or fall." *Id*. ¶ 6. Family Dollar then removed the action to this Court based on diversity. Doc. 1. On November 22, 2022, Family Dollar filed its motion for summary judgment, arguing there is no genuine issue of any material fact. Doc. 9. Horton then moved under Federal Rule of Civil Procedure 41(a)(2) to voluntarily dismiss her case because her counsel "missed the window to conduct necessary discovery." Doc. 12 at 4. Responses were filed for both motions, but neither party filed a reply brief. Docs. 13; 14.

## II. STANDARD

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is not genuine unless, based on the evidence presented, "a reasonable jury could return a verdict for the nonmoving party." *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The movant

may support its assertion that a fact is undisputed by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."  Fed. R. Civ. P. 56(c)(1)(A).  "When the *nonmoving* party has the burden of proof at trial, the moving party is not required to 'support its motion with affidavits or other similar material *negating* the opponent's claim[]' in order to discharge this 'initial responsibility.'"  *Four Parcels of Real Prop.*, 941 F.2d at 1437-38 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  Rather, "the moving party simply may 'show[ ]—that is, point[ ] out to the district court—that there is an absence of evidence to support the nonmoving party's case.'"  *Id.* at 1438 (quoting *Celotex*, 477 U.S. at 324) (alterations in original).  Alternatively, the movant may provide "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial."  *Id.*

The burden then shifts to the nonmoving party, who must rebut the movant's showing "by producing … relevant and admissible evidence beyond the pleadings."  *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2011) (citing *Celotex*, 477 U.S. at 324).  The nonmoving party does not satisfy its burden "if the rebuttal evidence 'is merely colorable or is not significantly probative' of a disputed fact."  *Id.* (quoting *Anderson*, 477 U.S. at 249-50).  Further, where a party fails to address another party's assertion of fact as required by Fed. R. Civ. P. 56(c), "the court may … consider the fact undisputed for purposes of the motion[.]"  Fed. R. Civ. P. 56(e)(2).  However, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge …

[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

### III. DISCUSSION

Family Dollar argues it is entitled to summary judgment because Horton had "equal or superior knowledge" of the "open and obvious condition," and because Horton "failed to exercise ordinary care." Doc. 9-1 at 9-14. In response, Horton argues Family Dollar is not entitled to summary judgment because "[a] genuine issue of material fact exists as to Family Dollar's constructive knowledge of the hazard." Doc. 14-1 at 5-6. On the meager record before the Court, the Court must agree with Horton.

"Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." O.C.G.A. § 51-3-1. "In order to prove negligence in a slip and fall premises liability case, a plaintiff must demonstrate that (1) the defendant had actual or constructive knowledge of the foreign substance and (2) the plaintiff lacked knowledge of the substance or for some reason attributable to the defendant was prohibited from discovering it." *Ledee v. Devoe*, 250 Ga. App. 15, 19, 549 S.E.2d 167, 171 (2001) (cleaned up). "Constructive knowledge can be established in one of two ways: (1) by evidence that employees were in the immediate vicinity and easily could have noticed and removed the hazard, or (2) by evidence that the substance had been on the floor for such a time that (a) it would have been discovered had the proprietor exercised reasonable care in inspecting its premises, and (b) upon being discovered, it would have been cleaned up had the proprietor exercised

reasonable care in its method of cleaning its premises." *Prescott v. Colonial Props. Tr., Inc.*, 283 Ga. App. 753, 755, 642 S.E.2d 425, 427 (2007) (citation omitted). Accordingly, because Horton has not alleged actual knowledge, Family Dollar must show that there is no genuine issue of material fact regarding its lack of constructive knowledge.

Under Georgia law, "in order for an owner to *prevail* on summary judgment based on the lack of constructive knowledge, the burden is upon the owner to 'demonstrate not only that it had a reasonable inspection program in place, but that such program was actually carried out at the time of the incident.'" *Landrum v. Enmark Stations, Inc.*, 310 Ga. App. 161, 163, 712 S.E.2d 585, 588 (2011) (quoting *Shepard v. Winn Dixie Stores, Inc.*, 241 Ga. App. 746, 748, 527 S.E.2d 36, 38 (1999). Family Dollar has not done so. Not only did it fail to address this issue in its motion, but it also did not respond to Horton's arguments regarding constructive knowledge. Moreover, when Horton asked in her interrogatories whether Family Dollar had "any procedures or policies in effect regarding the presence of hazardous conditions," it referred her to "its safety manual, associate handbook, employee job descriptions, and monthly newsletters." Doc. 14-6 at 6-7. But nowhere does Family Dollar mention these procedures, or demonstrate that they were carried out on the day of Horton's fall. In fact, Horton attached Family Dollar's "Store Safety Program" to its brief—not Family Dollar. Doc. 14-5. Thus, it is inappropriate to reach Family Dollar's argument that Horton had "equal or superior knowledge" when Family Dollar has failed to show there is not a dispute as to its *own* knowledge. Doc. 9-1 at 9-11; *see Benefield v. Tominich*, 308 Ga. App. 605, 608, 708 S.E.2d 563, 566 (2011) (analyzing first the owner's knowledge of the hazard before

discussing the plaintiff's knowledge). Thus, Family Dollar is not entitled to summary judgment.

## IV. CONCLUSION

Accordingly, Family Dollar's motion for summary judgment (Doc. 9) is **DENIED**. Moreover, Horton's motion to dismiss (Doc. 12) is **GRANTED**.[2]

**SO ORDERED**, this 30th day of January, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] "In most cases, a voluntary dismissal [under Rule 41(a)(2)] should be granted unless the defendant will suffer clear legal prejudice." *Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (cleaned up). "The crucial question to be determined is, would the defendant lose any substantial right by the dismissal." *Id*. Here, Family Dollar, having lost its motion for summary judgment, will not "lose any substantial right." *Id*. In fact, a dismissal may work to its favor. If Horton refiles, Family Dollar will have the opportunity to develop a record that might allow summary disposition.